*998 MEMORANDUM BT THE COURT
The plaintiffs sue for an alleged difference between the contract, price of certain material and its market price, alleging that the plaintiffs purchased from the material disposal and salvage division, Air Service, Washington, D. C., certain car-lining paper. The facts show that the salvage division advertised for bids for paper, and on April 29, 1920, plaintiffs made a bid, which they were notified had been accepted, the price being 3% cents per pound, f. o. b. Buffalo, where the material was supposed to be. Within a few days thereafter, to wit, on May 5th, the officer in charge learned that the paper had been disposed of before plaintiffs’ bid had been made or accepted, and he thereupon notified plaintiffs’ agent in Washington, who was dealing for plaintiffs in the matter, that the material had been disposed of as stated, and the Government could not deliver it. The material had been sold in some previous sale, of which fact the Government officer in charge was not informed until May 5th. At that time plaintiffs had paid only the 10 per cent called for in the original bid. Their agent then notified plaintiffs of the notice which the officer in charge had given such agent, at Washington, and, after receiving notice of the cancellation and of the Government’s inability to deliver the paper, plaintiffs forwarded a certified .check for the 90 per cent of their bid, with instructions as to shipping.
This court has several times held that claims growing out of bids for material which the Government was disposing of as surplus material can not be enforced against the Government where it appears that the material covered by the *999 bid is not in the ownership or possession of the Government at the time the bid is made or accepted. The statute authorizes the sale of surplus material, and the authority of the officer is to sell what the Government owns and possesses at the time. Bidders must be held to a knowledge of any limitations upon the authority of Government agents. (See Hummel case, 58 C. Cls. 489, 494; Schwarzenberg case, ante, p. 898.)
An additional ground for dismissing the petition rests upon the fact that the alleged contract was not in writing, as required by section 3744, Revised Statutes. (See Erie Coal & Coke Corporation v. United States, 266 U. S. 518.)
GRaiiam, Judge, took no part in the decision of this case.